NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*

*v.*

RONALD JOHN ESQUERRA, *Appellant.*

No. 1 CA-CR 15-0709
FILED 10-20-2016

---

Appeal from the Superior Court in Mohave County
No. S8015CR201000637
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED IN PART**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

_____

**N O R R I S,** Judge:

¶1      Ronald John Esquerra timely appeals from his convictions and sentences for count one, aggravated driving a vehicle while under the influence of intoxicating liquor, a class 4 felony; count two, aggravated driving a vehicle while under the influence of intoxicating liquor with an alcohol concentration of 0.08 or more, a class 4 felony; and count three, aggravated driving a vehicle while under the extreme influence of intoxicating liquor with an alcohol concentration of 0.15 or more but less than 0.20, a class 4 felony. After searching the record on appeal and finding no arguable question of law that was not frivolous, Esquerra's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error. This court granted counsel's motion to allow Esquerra to file a supplemental brief *in propria persona*, but Esquerra did not do so. After reviewing the entire record we affirm Esquerra's convictions and sentences on counts one and three but vacate his conviction and sentence on count two.

## FACTS AND PROCEDURAL BACKGROUND[1]

¶2      At 12:30 p.m. on June 26, 2010, R.C., a commuter on his way home, saw a silver-grey vehicle being driven erratically and, when the driver ran another car off the road, called 911. R.C. followed the vehicle, watched the driver run several other cars off the road, and reported these acts along with the silver-grey vehicle's license plate number to the 911 operator. R.C. continued following the vehicle as the driver ran several stop signs until it stopped in front of a house in Kingman, Arizona. The address of the house was identical to the address of the registered owner (Esquerra) of the silver-grey vehicle.

_____

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Esquerra. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

¶3          Police officers arriving at the house contacted Esquerra, the only occupant in the vehicle, whom they found asleep in the driver's seat. Esquerra woke up after an officer tapped on the vehicle's window and immediately got out.  While speaking to Esquerra officers smelled alcohol on his breath.  Esquerra admitted he had "one beer."  After Esquerra performed poorly on field sobriety tests, the officers arrested him, read him his *Miranda* rights, and transported him to the Kingman police station.  At the police station Esquerra consented to breath tests. The breath tests showed he had a blood alcohol concentration ("BAC") between 0.174 and 0.175 within two hours of when R.C. had first seen the silver-grey vehicle.

¶4          Esquerra was present at all the pretrial hearings and conferences. At the Final Management Conference, Esquerra received notice of the time and date of his trial along with the court's warning that he did "need to be here for your trial." The court told Esquerra, "If you're not here, it could go on without you. Do you understand that?" Esquerra confirmed he understood the court's warning. When Esquerra failed to appear at trial the superior court properly deemed Esquerra's absence a waiver under Arizona Rule of Criminal Procedure 9.1.  At trial the State introduced evidence that Esquerra's driver's license was suspended, revoked, or restricted at the time of his arrest.

¶5          An eight-member jury found Esquerra guilty on the three counts listed above. *See* supra ¶ 1.  At the sentencing hearing the State proved that Esquerra had one historical prior felony conviction and the superior court sentenced him as a category two offender under Arizona Revised Statutes ("A.R.S.") section 13-703(B)(2) (2010). The court sentenced Esquerra to concurrent three and one-half years' imprisonment and awarded him 39 days of presentence incarceration credit on each count.

**DISCUSSION**

¶6          We have reviewed the entire record for reversible error and, except as discussed below, find none.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  Esquerra received a fair trial.  He was represented by counsel at all stages of the proceedings and, although not present at trial, was present at all other critical stages and was fully informed as to the effects and consequences of his voluntary absence at trial.

¶7          The evidence presented at trial was substantial and supports the verdicts.  The jury was properly comprised of eight members and the court properly instructed the jury on the elements of the charges, Esquerra's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict.   The superior court received and considered a

3

presentence report, Esquerra was present and given an opportunity to speak at sentencing, and his sentences were within the range of acceptable sentences for his offenses.

**¶8**      As discussed, the jury convicted Esquerra on counts one and three. The jury also convicted Esquerra on count two, aggravated driving a vehicle while under the influence of intoxicating liquor with an alcohol concentration of 0.08 or more, which is a lesser included offense of count three because "the only difference between [the] two DUI charges is the BAC threshold." *See State v. Solis*, 236 Ariz. 242, 249, ¶23-24, 338 P.3d 982, 989 (App. 2014) (internal citation omitted). Although Esquerra did not object to his conviction on count two, the double jeopardy clause "bars multiple punishments for the same offense" and "violation of double jeopardy is fundamental error." *Id.* (internal citation omitted). Therefore, we vacate Esquerra's conviction and sentence on count two.

## CONCLUSION

**¶9**      We decline to order briefing and affirm Esquerra's convictions and sentences on counts one and three but vacate his conviction and sentence on count two.

**¶10**      After the filing of this decision, defense counsel's obligations pertaining to Esquerra's representation in this appeal have ended. Defense counsel need do no more than inform Esquerra of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶11**      Esquerra has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Esquerra 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:  AA